UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jill R. C.,<br><br>                    Plaintiff,<br><br>    v.<br><br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:22-cv-01663-DJA<br><br>**Order** |

      This is a Social Security appeal.  Plaintiff Jill R. C. appealed and moved for reversal and remand of an Administrative Law Judge's unfavorable decision on her applications for Disability Insurance Benefits and Supplemental Security Income.  (ECF No. 19).  The Court granted that motion in part and denied it in part, remanding the case for further proceedings.  (ECF No. 27).  Shortly after that order, Plaintiff moved for attorney's fees and costs under 28 U.S.C. § 2141(d), a provision of the Equal Access to Justice Act ("EAJA").  (ECF No. 32).  The Court granted that motion.  (ECF No. 33).  Plaintiff then moved for attorney's fees under 42 U.S.C. § 406(b), explaining that her counsel would offset the fees received under the EAJA from the § 406(b) award.  (ECF No. 34).  The Court granted that motion in part, noting that Plaintiff's counsel had not addressed whether EAJA costs should be offset from the § 406(b) award, and determining based on certain similar cases that the costs should also be offset.

///

///

///

Plaintiff now moves to alter or amend that judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 37). The Commissioner did not respond to Plaintiff's motion. Plaintiff argues that the Court erred in offsetting both the "fees and other expenses"[1] and the "costs"[2] awarded under the EAJA from the amounts requested by Plaintiff's counsel under 42 U.S.C. § 406(b)(1)(A). Plaintiff asserts that although the decisions on which this Court based its order interpreted the EAJA savings provision as requiring attorneys to offset both fees and costs, those decisions interpreted the EAJA and its savings provision incorrectly. Instead, Plaintiff argues, as both a legal and a practical matter, only EAJA "fees and expenses" should be offset from a § 406(b) award while "costs" should not. This argument is well taken.

## I. Legal standard.

Reconsideration of a final order under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *See School Dist. No. 1J. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Additionally, a motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## II. Discussion.

42 U.S.C. § 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant ... who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." This award is paid

---

[1] 42 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party other than the United States *fees and other expenses*, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action…") (emphasis added).

[2] 42 U.S.C. § 2412(a)(1) ("a *judgment for costs*…but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States….") (emphasis added)

directly out of the claimant's benefits. 42 U.S.C. § 406(b)(1)(a). Under § 406(b)(2), "[a]ny attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which [§ 406(b)(1)] is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor." According to the Commissioner, this section prohibits a lawyer from charging fees unless the claimant has been awarded past-due benefits. *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215, 1217-18 (9th Cir. 2012) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002)).

The EAJA is another avenue for recovering attorney's fees in Social Security cases and requires the government to pay the "fees and expenses" of a prevailing party unless the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). It also requires the government to pay the "costs" of a prevailing party. 28 U.S.C. § 2412(a)(1). Unlike § 406(b) awards, EAJA fee awards "are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,'" subject to a specified cap, and are paid by the government, not the claimant. *Parrish*, 698 F.3d at 1217-18 (citing *Gisbrecht*, 535 U.S. at 796 (quoting § 2412(d)(1)-(2)).

Because attorneys who accepted an award under § 2412(d) in excess of the § 406(b)(1) cap could be subject to criminal sanctions under § 406(b)(2), Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and § 2412. However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to refund to the claimant the "amount of the smaller fee." *See Gisbrecht*, 535 U.S. at 796. That provision states: "where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b)] and [28 U.S.C. § 2412(d)], the claimant's attorney [must refund] to the claimant the amount of the smaller fee." Pub.L. No. 99–80, § 3, 99 Stat. 183 (1985) (uncodified).

In assessing its judgment, the Court interpreted 28 U.S.C. § 2412(d)(1)(A) and the savings provision as requiring the Court to offset both EAJA fees and costs from the § 407(b) award,

relying on certain district court cases that found similarly to reach this conclusion.³  However, reviewing Plaintiff's legal and practical arguments and re-reviewing the applicable statutes and district court cases, the Court agrees with Plaintiff that its conclusion was based on legal error.  It therefore grants Plaintiff's motion to alter or amend judgment.

28 U.S.C. § 2412(d)(1)(A) provides the following:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

As Plaintiff points out, while § 2412(d)(1)(A) *references* costs, a separate provision of the EAJA *provides* for those costs and treats them differently than "fees and expenses," by not hinging their award on whether the United States' position was substantially justified or whether other special circumstances make an award unjust.  *Compare* 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party…fees and other expenses, in addition to any costs awarded pursuant to subsection (a)…unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust") *with* 28 U.S.C. § 2412(a)(1) ("a judgment for costs...but not including the fees and expenses of attorneys, may be awarded to the prevailing party…[which amount shall] be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation").  And, as Plaintiff

---

³ The Court relied on *Lee-Klein v. Commissioner of Social Security*, No. 2:19-cv-02335-DMC, 2024 WL 382532 (E.D. Cal. Feb. 1, 2024); *Hardisty v. Berryhill*, No. 3:15-cv-00265-LRH-WGC, 2017 WL 2791050 (D. Nev. Apr. 27, 2017); *Perez v. Commissioner of Social Security*, No. 1:17-cv-01726-EPG, 2021 WL 168345 (E.D. Cal. Jan. 19, 2021); *Knowles v. Berryhill*, No. 1:15-cv-01657-SKO, 2019 WL 142275 (E.D. Cal. Jan. 9, 2019); and *Sullivan v. Comm'r of Soc. Sec.*, No. 1:11-cv-01833-SAB, 2013 WL 3198764, at *1 n.2 (E.D. Cal. June 21, 2013).  In each of those cases, the courts offset both EAJA fees and costs from § 406(b) awards.  The *Perez* and *Knowles* courts also noted that "the entire amount awarded pursuant to EAJA including both attorney's fees and costs, is subject to offset under 42 U.S.C. § 406(b)." *Knowles*, 2019 WL 142275, at *1 n.3; *Perez*, 2021 WL 168345, at *4 n.1.

1  also points out, the savings provision only addresses "fees" for the "same work" under § 2412(d),
2  not § 2412(a)(1).[4] So, while many courts refer to "fees" and "costs" interchangeably, they are
3  distinct.
4      Plaintiff also points out that, as a practical matter, offsetting both EAJA fees and costs
5  from the § 406(b) award would mean that Plaintiff is refunded a filing fee that she did not pay.
6  Plaintiff's counsel explains that their office pays the filing fee for litigants.  So, refunding the cost
7  of that fee to the Plaintiff would result in counsel's office paying the fee twice.  Additionally, as
8  Plaintiff's counsel avers, counsel was reimbursed for the filing fee back when the office received
9  the EAJA payment in April.  So there is no need to offset costs that have already been repaid
10 months before.
11     The Court therefore grants Plaintiff's motion and vacates its August 7, 2025, order as to
12 its analysis on the EAJA total to be offset against the § 406(b) total.  The Court amends that order
13 to grant Plaintiff's counsel's motion for award of attorney's fees (ECF No. 34) in total and to
14 award counsel their requested payment of $8,216.10 (reflecting the § 406(b) fees of $18,084.00
15 minus the EAJA fees of $9,867.99).

---

[4] 28 U.S.C. § 2412(a)(1) refers to costs enumerated in 28 U.S.C. § 1920, which include "[f]ees of the clerk and marshal," amongst other costs that are not attorney's fees.

**IT IS THEREFORE ORDERED** that the motion to alter or amend judgment (ECF No. 37) is **granted.**

**IT IS FURTHER ORDERED** that the Court **vacates** its August 7, 2025, order (ECF No. 36) as to its analysis on the EAJA total to be offset against the § 406(b) total and **amends** that order to **grant** the motion for attorney's fees (ECF No. 34) **in its entirety**.

**IT IS FURTHER ORDERED** that Plaintiff's attorney, Daniel Fishman, Esq. is awarded attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $8,216.10.

DATED: January 8, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE